Leslie B. HARGRAVES, Appellant,

v.

ARMCO FOODS, INC. d/b/a
Foodland, Appellee.

No. 03–94–00270–CV.

Court of Appeals of Texas,
Austin.

March 8, 1995.

William B. Gammon [Signed Brief], William B. Gammon, P.C., Austin, for appellant.

Laura Bellegie [Signed Brief], Ewbank & Harris, P.C., Austin, for appellee.

Before CARROLL, JONES and KIDD, JJ.

PER CURIAM.

Appellant Leslie B. Hargraves appeals from a summary judgment granted in favor of appellee Armco Foods, Inc., d/b/a Foodland (Foodland). Hargraves filed suit to recover for damages arising out of an accident that occurred on July 6, 1991. Hargraves, who was employed by Coca–Cola Bottling Company at the time, was delivering cases of Dr. Pepper to Foodland when she fell on

wooden pallets stacked in front of the loading dock. Hargraves filed suit on July 7, 1993, two years and one day after the accident. The trial court granted a summary judgment in favor of Foodland on the basis that the two-year limitations period barred her claims. We will affirm.

The single issue we decide is whether Hargraves' affidavit, filed in response to the motion for summary judgment, raised a fact issue regarding whether the limitations period was tolled because she was of unsound mind. *See* Tex.Civ.Prac. & Rem. Code Ann. § 16.001 (West 1986 & Supp. 1995). In reviewing a summary judgment record, this Court observes the following rules: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact that precludes summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A movant seeking summary judgment on the basis of limitations must conclusively establish the bar of limitations. When the non-movant interposes a tolling statute, such as section 16.001, the limitations defense is not conclusively established until the movant negates the applicability of the tolling provisions. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Smith v. Erhard*, 715 S.W.2d 707, 709 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

Relevant portions of section 16.001 provide:

(a) For the purposes of this subchapter, a person is under a legal disability if the person is:

.     .     .     .     .

(2) of unsound mind.

(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.

Hargraves' affidavit in support of her contention that she was of unsound mind stated:

I was taken from Foodland to Round Rock Hospital emergency room for treatment and given medication for the pain. The medicine made me groggy and disoriented. I was taken home by my roommate and went to bed where I remained under heavy medication for at least two days. During that period I mostly slept as a result of the pain medication which additionally made me groggy, disoriented and unable to think clearly. During this time my roommate took care of me because I was unable to take care of myself.

Foodland argues that the affidavit does not raise a fact issue regarding the tolling of the period of limitations because (1) the affidavit shows that the disability arose after the accrual of the cause of action, and (2) the affidavit is insufficient to raise an issue regarding "unsound mind." We do not address the timing of the disability because we hold, as a matter of law, that the affidavit does not raise a fact issue regarding whether Hargraves suffered from an "unsound mind" so as to toll the limitations period.

Generally, the term "unsound mind" refers to a legal disability, although it is not limited to persons who are adjudicated incompetent. *Casu v. CBI NA–CON, Inc.*, 881 S.W.2d 32, 34 (Tex.App.—Houston [14th Dist.] 1994, no writ). "Unsound mind" is not defined in the Texas Civil Practice and Remedies Code. However, the Texas Probate Code defines persons of unsound mind as "persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." Tex.Prob.Code Ann. § 3(y) (West Supp.1995). Also, in general, "persons of unsound mind" and "insane persons" are synonymous. *See Lowery v. Lowery*, 386 S.W.2d 194, 197 (Tex.Civ.App.—Tyler 1965, no writ); *Reiche v. Williams*, 183 S.W.2d 587, 591 (Tex.Civ.App.—San Antonio 1944), *writ ref'd w.o.m.*, 143 Tex. 365, 185 S.W.2d 420 (1945).

In previous cases in which the limitations period was tolled or possibly tolled due to a mental condition caused by the accident that was the basis of the lawsuit, the injury was

substantial and prolonged. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 753 (Tex.1993) (severe and permanent head injury); *Casu*, 881 S.W.2d at 34 (acute psychosis with significant paranoid features caused by exposure to chemical explosion); *Felan v. Ramos*, 857 S.W.2d 113, 116 (Tex.App.—Corpus Christi 1993, writ denied) (unconscious from date of surgery till death two years later); *Parker v. Yen*, 823 S.W.2d 359, 361 (Tex.App.—Dallas 1991, no writ) (severe injuries sustained in automobile accident); *Tinkle v. Henderson*, 730 S.W.2d 163, 165 (Tex.App.—Tyler 1987, writ ref'd n.r.e.) (brain damage caused by oxygen deprivation).

Furthermore, in these cases, the plaintiff's mental condition was not drug-induced. *Ruiz*, 868 S.W.2d at 753 (brain damage); *Casu*, 881 S.W.2d at 34 (brain damage or psychological trauma); *Felan*, 857 S.W.2d at 116 (unconsciousness); *Tinkle*, 730 S.W.2d at 165 (brain damage).[1]

 In this case, Hargraves did not suffer a head injury and was never unconscious. She alleges only that she was sleepy, groggy, disoriented, unable to think clearly, and unable to care for herself for two days following the injury. Her condition was relatively minor and was drug-induced. She knew that she had been injured and under what circumstances. She had two years, less two days, of unimpaired time in which to file suit timely.

Additionally, the purpose behind the tolling provision would not be furthered by holding that minor mental impairment tolls the limitations period. The limitations period is tolled for persons of unsound mind for two reasons: first, to protect persons without access to the courts, and second, to protect persons who are unable to participate in, control, or understand the progression and disposition of their lawsuit. *Ruiz*, 868 S.W.2d at 755. Hargraves had access to the courts for two years. Further, she does not allege that she was unable to participate in and control a lawsuit during that two-year period. Neither would the evidence support that allegation, since she was able to work and to file a workers' compensation claim timely during that time. We hold, as a matter of law, that minor, drug-induced mental impairment such as that suffered by Hargraves does not cause the person affected to become a person of unsound mind[2] in the sense that term is used in Tex.Civ.Prac. & Rem.Code § 16.001(a)(2).

We conclude that Hargraves' affidavit does not raise a fact issue regarding whether she suffered from "unsound mind" so as to toll the limitations period. We overrule her single point of error. The judgment of the trial court is affirmed.

---

1. The court in *Parker v. Yen*, 823 S.W.2d 359 (Tex.App.—Dallas 1991, no writ), does not state the basis of Parker's mental incompetency.

2. For other jurisdictions which have held similarly, *see Wiggins v. Edwards*, 442 S.E.2d 169, 170 (S.C.1994) (summary judgment appropriate even though plaintiff was "confused" and "disoriented" for ten days after accident when she did not lose consciousness or sustain head injury in accident); *Atwood v. Sturm, Ruger & Co., Inc.*, 823 P.2d 1064, 1065 (Utah 1992) (two week hospitalization inconsequential in affecting plaintiff's legal rights); *Eisenbach v. Metropolitan Transp. Auth.*, 62 N.Y.2d 973, 479 N.Y.S.2d 338, 339, 468 N.E.2d 293, 294 (1984) (holding as matter of law that condition of unsound mind does not include temporary effects of pain medication even though plaintiff was confused, disoriented, and unable to effectively attend to his affairs). Georgia appellate courts may use a more lenient standard. *See generally Lowe v. Pue*, 150 Ga.App. 234, 257 S.E.2d 209 (1979) (affidavit stating that plaintiff was unable to manage her affairs for three weeks after accident sufficient to raise fact issues precluding summary judgment).