**Sally Ann GRACE, Appellant,**

v.

**Janey COLORITO, M.S., L.P.C., Appellee.**

**No. 03–99–00143–CV.**

Court of Appeals of Texas, Austin.

Oct. 28, 1999.

---

Charles William Blount, Perry-Miller & Blount, L.L.P., Dallas, for Appellant.

Robbie Malone, Hiersche, Martens, Hayward, Drakeley & Urbach, P.C., Dallas, for Appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

Appellant Sally Ann Grace claims Janey Colorito negligently treated her for psychological problems from 1991 to 1992. Grace filed her negligence claim on March 5, 1998. Colorito moved for summary judgment alleging that the claim was time-barred under (1) the two-year statute of limitations for health care providers in the Medical Liability and Insurance Improvement Act ("the Medical Liability Act")[1] and (2) the general two-year limitation period for negligence suits.[2] The trial court granted Colorito's motion for summary judgment. We will affirm the judgment.

Grace raises three issues on appeal: (1) that the Medical Liability Act does not apply because Colorito was not a health care provider; (2) that the discovery rule tolls the two-year statute of limitations under section 16.003 of the Texas Civil Practice & Remedies Code; and (3) that the unsound-mind provision in section 16.001 also tolls that limitation period.

## FACTS

Grace voluntarily sought treatment for depression at the suggestion of friends in

---

**1.** Tex.Rev.Civ. Stat. Ann. art. 4590i § 10.01 (West Supp.1999).

**2.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (West Supp.1999).

1991. She was treated weekly by Colorito until Grace terminated her therapy in March 1992. She filed this claim on March 5, 1998. Grace claims Colorito convinced her that members of a cult were trying to abduct and kill her, that she was a victim of sexual and ritual abuse, and that she should not trust anyone trying to talk to her because they might be cult members. She testified that the therapy resulted in nightmares, separation from her family, and fear of harm at the hands of the cult.

During the six years between the end of her therapy in 1992 and filing her claim, Grace married, graduated from St. Edwards University with a high grade-point average, and worked to become a licensed chemical dependency counselor. Three years after she married, Grace divorced her husband. She filed this negligence action after watching a daytime talk show in late 1997 that she claims made her realize that Colorito had caused her to believe false memories.

Grace claims that the statutes of limitations were tolled. She testified that during the six years after her therapy ended, she was unable to learn about the harm she had suffered because of the false memories created by Colorito and because she was heavily medicated and confused while receiving therapy. Grace voluntarily sought psychological treatment in 1991 and has never initiated proceedings to be declared mentally incompetent.

## DISCUSSION

The standard for reviewing a motion for summary judgment is well-established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that she is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in her favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ In her motion for summary judgment, Colorito asserted that the statute of limitations set out in the Medical Liability Act and the general two-year limitation period bar Grace's cause of action. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i § 10.01; Tex. Civ. Prac. & Rem.Code Ann. § 16.003. Where an appellant from a summary judgment does not successfully attack every possible ground upon which the district court based its summary judgment, the summary judgment must be affirmed. *See Malooly Bros. Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *Tindle v. Jackson Nat'l Life Ins. Co.*, 837 S.W.2d 795, 801 (Tex.App.—Dallas 1992, no writ). Accordingly, if either limitation period applies, we must affirm the summary judgment.

### *The Medical Liability Act*

■ For the Medical Liability Act to bar Grace's negligence cause of action against Colorito, the claim must be a "health care liability claim" and Colorito must be a "health care provider." *See* Tex.Rev.Civ. Stat. Ann. art. 4590i §§ 1.03(a)(4), 10.01. These terms are defined in the statute:

> "Health care provider" means any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

§ 1.03(a)(3). Two recent cases have construed this definition of "health care pro-

vider." A psychologist is not a health care provider under the Medical Liability Act. *See Lenhard v. Butler* 745 S.W.2d 101, 106 (Tex.App.—Fort Worth 1988, writ denied). The *Lenhard* court held that a professional not enumerated in section 1.03(a)(3) is not a "health care provider" under the statute. In *Terry v. Barrinuevo,* the court relied on *Lenhard's* statutory analysis to hold that a physical therapist is also not a health care provider for purposes of the Medical Liability Act. *See* 961 S.W.2d 528, 530–31 (Tex.App.—Houston [1st Dist.] 1997, no pet.). Licensed counselors, like psychologists and physical therapists, are not included in the statutory definition of "health care providers," and we thus hold that Colorito is not a health care provider under the Medical Liability Act.

### General Two–Year Statute of Limitations

■ Grace's second and third issues concern Colorito's alternative ground for summary judgment. The general statutory limitation period for personal injury claims is two years, beginning the day after the cause of action accrues. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a). Statutes of repose compel the assertion of claims within a reasonable period when the evidence is fresh in the minds of all parties and witnesses. *See Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex.1996). Grace filed her claim six years after her therapy ended. Absent some exception to the statute of limitations, her claim is barred.

### Unsound Mind

■ An "unsound mind" tolls the statute of limitations. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 16.001, 16.003. The unsound-mind exception serves to protect people who are unable to participate in, control, or understand the progression and disposition of a lawsuit. *See Hargraves v. Armco Foods, Inc.,* 894 S.W.2d 546, 548 (Tex.App.—Austin 1995, no writ). To prevent a summary judgment on an unsound-mind theory, the non-movant needs to produce specific evidence that would enable the court to conclude that she did not have the mental capacity to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that effect. *See Porter v. Charter Medical Corp.,* 957 F.Supp. 1427, 1438 (N.D.Tex.1997).

■ Grace did not produce expert testimony to show that for several years prior to filing her claim she lacked the mental capacity to bring a lawsuit. In *Porter,* the court upheld summary judgment despite a clinical social worker's testimony about psychological damage generally experienced by residents in a school for troubled youth. *See id.* at 1437. Grace offers no testimony except her own to support the assertion that for at least four years she was of unsound mind. Expert medical opinions given by a witness who is not shown to have the requisite expertise has no probative effect. *See id.* at 1437. Grace testified that she is working to become a licensed chemical dependency counselor, but she did not produce evidence to show that she is an expert, qualified to testify regarding her own mental state.

Grace also failed to testify to specific evidence of a lack of mental capacity which would have prevented her from bringing a lawsuit for four years or more. She uses only general terms to describe her therapy, refusing to talk about individual sessions and speaking only about what usually occurred. She testified that she was heavily medicated but never identified the medication, the dosage, or her reaction to the drugs. She never provided specific dates to show how the medication might have caused her to be of unsound mind for such an extended period after the therapy ended. During the six years in question, Grace married, graduated from college,

and actively participated in her own divorce litigation. Each of these actions tend to show that Grace was capable of participating in and controlling a lawsuit, but chose not to use the legal system to pursue this claim against Colorito.

The authority Grace cites does not support her case. Grace correctly cites *Casu v. CBI Na-Con, Inc.* for the proposition that raising the issue of mental incompetency is sufficient to defeat a summary judgment when there are affidavits by medical experts showing that the plaintiff was mentally incompetent. *See* 881 S.W.2d 32, 35 (Tex.App.—Houston [14th Dist.] 1994, no writ). Grace offers no such affidavits here.

Grace also relies on *Tinkle v. Henderson,* another case where a psychologist's testimony was crucial to the court's decision to reverse a summary judgment. *See* 730 S.W.2d 163, 167 (Tex.App.—Tyler 1987, writ ref'd). *Tinkle* only reinforces the need for *expert* medical testimony to defeat Colorito's summary judgment. By relying on her own conclusory statements without medical testimony, Grace has failed to create a fact issue regarding her mental capacity sufficient to toll the general statute of limitations. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 16.001, 16.003. We overrule Grace's third issue.

### The Discovery Rule

■■■■ Grace's assertion that the discovery rule tolls the general two-year statute is grounded in her claim that she suffered the psychological harms already outlined in her unsound-mind argument. Having rejected that argument, we nonetheless discuss the discovery rule to clarify why it does not apply to Grace's claim. The discovery rule is a limited exception to the statute of limitations. *See Altai,* 918 S.W.2d at 455. Texas courts have recognized the discovery-rule exception to defer the accrual of a cause of action until the plaintiff knew or, by exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *See id.* at 455. The burden rests upon the movant-defendant not only to plead limitations but also to negate the discovery rule. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex.1988).

■■■■ The discovery rule applies only in cases that satisfy the "unifying principle," meaning that the injury must be inherently undiscoverable *and* the evidence of the injury must be objectively verifiable. *See Altai,* 918 S.W.2d at 456. According to the supreme court, expert testimony regarding repressed memory is not objectively verifiable. *See S.V. v. R.V.,* 933 S.W.2d 1, 19–20 (Tex.1996). The *S.V.* court conducted a thorough review of psychological studies on the subject of repressed or recovered memories of sexual abuse and concluded that the discovery rule does not apply to repressed or recovered memory cases. *See id.* at 17–20. Grace alleges that the discovery rule applies to her case because Colorito caused her to have false memories. Evidence of false memories is subject to the same pitfalls as repressed or recovered memories: the extent to which experimental psychological theories of amnesia apply to psychotherapy, the effect of repression on memory, the effect of screening devices in recall, the effect of suggestibility, the difference between forensic and therapeutic truth, and the extent to which memory restoration techniques lead to credible memories or confabulations. *See id.* at 19–20. Opinions in this area simply cannot meet the objectively verifiability element for extending the discovery rule. *See id.* at 20. We hold that the discovery rule does not apply in this case. We need not consider whether the harms were inherently discoverable since *Altai* held that the harm must be *both* objectively verifiable *and* inherently undiscoverable for the discovery rule to apply. *See Altai,* 918 S.W.2d at 456. Under these circum-

stances, the discovery rule does not toll the general statute of limitations in section 16.003. We overrule Grace's second issue.

### CONCLUSION

We conclude that the absolute statute of limitations created by the Medical Liability Act does not apply because Colorito is not a "health care provider" as defined by the act. Nevertheless, Grace's cause of action is barred by section 16.003 of the Texas Civil Practice & Remedies Code since neither the unsound-mind provision nor the discovery rule tolls the two-year statute of limitations. We affirm the trial court's summary judgment.