NO. 07-03-0021-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 24, 2003

_____


DONNA VAUGHN, APPELLANT

V.

SEARS PANHANDLE RETIREMENT D/B/A CRAIG

METHODIST RETIREMENT COMMUNITY, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 89,608-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Donna Vaughn presents two issues by which she challenges a summary

judgment denying her claims as a matter of law and dismissing with prejudice her action

for retaliatory discharge filed under section 242.133 of the Texas Health & Safety Code

Annotated (Vernon 2001), against appellee Sears Panhandle Retirement d/b/a Craig Methodist Retirement Community. Vaughn does not present a broad form issue which authorizes argument as to all possible grounds upon which summary judgment should have been denied. *See* Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). Instead, by her two issues, she contends (1) her termination twelve days after she reported violations of the Texas Health and Safety Code and the Texas Penal Code presented a material issue of fact and (2) the summary judgment evidence adduced "some evidence" from which a jury may infer a causal link between her report and her termination. Based upon the rationale expressed herein, we affirm.

Vaughn commenced working for Sears at Windflower as the Director of Activities for the Nursing Wing in August 2000. In August 2001, the new executive director of Sears and Windflower's new administrator decided to reorganize the Activities Department thereby eliminating Vaughn's position or the other director. Before Vaughn was notified that her position would be eliminated, after hearing a rumor that a former director of nursing might be temporarily reassigned to Windflower, Vaughn and another employee met with Windflower's new administrator and expressed their concerns about the rumor that the former director of nursing would soon be reassigned to Windflower. During that meeting, among other things, Vaughn told the new administrator that the former director of nursing had participated in a cover-up of the circumstances of the death of a former patient. The alleged cover-up occurred before Vaughn was employed by Sears and she

had no "first hand" knowledge of it. Her information was obtained from third parties and not acquired in the course and scope of the performance of her duties. In accordance with the prior decision of the new executive director of Sears and Windflower's new administrator, Vaughn's position was terminated 12 days after her meeting with Windflower's administrator.

Contending her discharge was in retaliation for her comments to the administrator concerning the alleged cover-up incident, Vaughn filed suit seeking damages pursuant to section 242.133 of the Code. After discovery was conducted, Sears filed its traditional motion for summary judgment containing two grounds. By its first ground, entitled "Vaughn Did Not Make a Report Under Section 242.133," Sears contended Vaughn's statements to the administrator that the former nursing director (1) hired an employee with a history of abuse or (2) engaged in a cover-up of an incident some 18 months before Vaughn was hired, did not constitute section 242.133(b) reports as a matter of law. By its second ground, Sears contended there was no causal nexus between any alleged report and Vaughn's termination. After a hearing on the motion, summary judgment was granted and, without specifying the grounds, the trial court dismissed Vaughn's claim with prejudice.

Standard of Review

For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is

entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates that when the defendant is the movant, he must conclusively negate at least one of the essential elements of the plaintiff's cause of action. Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court set out the standard by which we are to review a summary judgment:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993).

4

Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Moreover, where the non-movant does not successfully challenge every possible ground upon which the trial court based its summary judgment, it must be affirmed. Malooly Bros. Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970); Grace v. Colorito, 4 S.W.3d 765, 768 (Tex.App.--Austin 1999, pet. denied).

By her first issue, Vaughn contends her termination 12 days after she reported violations of the Texas Health and Safety Code was a material issue of fact. For the reasons explained below, this issue presents nothing for review and is overruled.

Sears did not contend that Vaughn did not tell its administrator that its former director of nursing (1) hired an employee with a history of abuse or (2) participated in a cover-up of circumstances surrounding a patient's death. To the contrary, Sears argued that notwithstanding Vaughn's statements:

> [a]s a matter of law, neither of these accusations are Section 242.133(b) reports. In regards to her accusation regarding the CNA, there was no violation of law to report. In regards to her conjecture about an alleged cover-up, Vaughn did not put Sears Panhandle on notice that she was reporting a violation of law as contemplated by Section 242.133(b).

5

In its motion Sears references Gonzales v. Methodist Retirement Communities, 33 S.W.3d 882 (Tex.App.--Houston [14th Dist.] 2000, pet. denied) in its discussion of the matter of law ground. Vaughn did not except to the motion nor claim that it did not state the specific grounds or was not sufficient to define the issues and to put her on notice with adequate information to oppose the motion. *See* Inwood Forest, Etc. v. R.J.S. Development, 630 S.W.2d 751, 753 (Tex.App.--Houston [1st Dist.] 1982 , no writ).  Instead, by her response to the motion for summary judgment, Vaughn focused on the facts and summary judgment evidence but did not respond to nor address the first ground that Vaughn's statements did not constitute reports for purposes of section 242.133(b).  Accordingly, because Vaughn did not challenge the contention that her accusations did not constitute reports for the purpose of section 242.133(b) nor otherwise challenge the matter of law ground in the trial court by written motion, answer, or other response, it may not be considered as grounds for reversal.  Tex. R. App. P. 166a(c); *McConnell*, 858 S.W.2d at 341.

Moreover, the response of Sears that the judgment must be affirmed because Vaughn does not challenge both grounds of the motion for the summary judgment on appeal is correct.  By her first issue, Vaughn set out the history and summary judgment evidence but did not address the ground and point of Sears that her statements did not constitute reports for purposes of section 242.133 as a matter of law.  In Granada Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 224 (Tex.App.--Amarillo 1997, pet. denied), we held:

[i]n order for a non-movant to obtain reversal of a summary judgment that does not specify the grounds on which it is based, the non-movant must show that each independent ground alleged in the motion was insufficient to support the judgment. . . . Notwithstanding a non-movant's challenge to summary judgment grounds in a written response, the summary judgment must be affirmed when the non-movant does not assign error in the court of appeals challenging each independent ground asserted in the summary judgment motion.

Thus, even if presented by her response in the trial court, because Vaughn does not address the matter of law ground on appeal, the judgment must be affirmed.

We have not overlooked Vaughn's reference to Tomhave v. Oaks Psychiatric Hosp., 82 S.W.3d 381 (Tex.App.--Austin 2002, pet. denied). However, because the no evidence motion there did not question whether the statement constituted a report for purposes of section 242.133, *Tomhave* is not controlling. Accordingly, Vaughn's first issue is overruled. Our disposition of Vaughn's first issue pretermits our consideration of her second issue by which she contends that some evidence was presented to infer a causal link between her report and her termination.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

7