NO. 07-03-0021-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 24, 2003



______________________________




DONNA VAUGHN, APPELLANT



V.



SEARS PANHANDLE RETIREMENT D/B/A CRAIG



METHODIST RETIREMENT COMMUNITY, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 89,608-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION


 Appellant Donna Vaughn presents two issues by which she challenges a summary
judgment denying her claims as a matter of law and dismissing with prejudice her action
for retaliatory discharge filed under section 242.133 of the Texas Health & Safety Code
Annotated (Vernon 2001), against appellee Sears Panhandle Retirement d/b/a Craig
Methodist Retirement Community. Vaughn does not present a broad form issue which
authorizes argument as to all possible grounds upon which summary judgment should
have been denied. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.
1970). Instead, by her two issues, she contends (1) her termination twelve days after she
reported violations of the Texas Health and Safety Code and the Texas Penal Code
presented a material issue of fact and (2) the summary judgment evidence adduced "some
evidence" from which a jury may infer a causal link between her report and her termination. 
Based upon the rationale expressed herein, we affirm.

 Vaughn commenced working for Sears at Windflower as the Director of Activities
for the Nursing Wing in August 2000. In August 2001, the new executive director of Sears
and Windflower's new administrator decided to reorganize the Activities Department
thereby eliminating Vaughn's position or the other director. Before Vaughn was notified
that her position would be eliminated, after hearing a rumor that a former director of
nursing might be temporarily reassigned to Windflower, Vaughn and another employee
met with Windflower's new administrator and expressed their concerns about the rumor
that the former director of nursing would soon be reassigned to Windflower. During that
meeting, among other things, Vaughn told the new administrator that the former director
of nursing had participated in a cover-up of the circumstances of the death of a former
patient. The alleged cover-up occurred before Vaughn was employed by Sears and she
had no "first hand" knowledge of it. Her information was obtained from third parties and
not acquired in the course and scope of the performance of her duties. In accordance with
the prior decision of the new executive director of Sears and Windflower's new
administrator, Vaughn's position was terminated 12 days after her meeting with
Windflower's administrator.

 Contending her discharge was in retaliation for her comments to the administrator
concerning the alleged cover-up incident, Vaughn filed suit seeking damages pursuant to
section 242.133 of the Code. After discovery was conducted, Sears filed its traditional
motion for summary judgment containing two grounds. By its first ground, entitled "Vaughn
Did Not Make a Report Under Section 242.133," Sears contended Vaughn's statements
to the administrator that the former nursing director (1) hired an employee with a history
of abuse or (2) engaged in a cover-up of an incident some 18 months before Vaughn was
hired, did not constitute section 242.133(b) reports as a matter of law. By its second
ground, Sears contended there was no causal nexus between any alleged report and
Vaughn's termination. After a hearing on the motion, summary judgment was granted and,
without specifying the grounds, the trial court dismissed Vaughn's claim with prejudice. 

Standard of Review


 For a party to prevail on a traditional motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates
that when the defendant is the movant, he must conclusively negate at least one of the
essential elements of the plaintiff's cause of action. Likewise, a defendant who
conclusively establishes each element of an affirmative defense is entitled to summary
judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court
set out the standard by which we are to review a summary judgment: 

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.

 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.

 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion and present to the trial court any issues that would
preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 
671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston
[1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting
of a summary judgment must be expressly presented to the trial court by written answer
or other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
Issues not expressly presented to the trial court in writing shall not be considered on
appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support
of or in opposition to a motion for summary judgment must be presented in writing to the
trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Moreover, where the non-movant does not successfully challenge every possible ground upon which the trial court
based its summary judgment, it must be affirmed. Malooly Bros. Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970); Grace v. Colorito, 4 S.W.3d 765, 768 (Tex.App.--Austin
1999, pet. denied).

 By her first issue, Vaughn contends her termination 12 days after she reported
violations of the Texas Health and Safety Code was a material issue of fact. For the
reasons explained below, this issue presents nothing for review and is overruled.

 Sears did not contend that Vaughn did not tell its administrator that its former
director of nursing (1) hired an employee with a history of abuse or (2) participated in a
cover-up of circumstances surrounding a patient's death. To the contrary, Sears argued
that notwithstanding Vaughn's statements:

 [a]s a matter of law, neither of these accusations are Section 242.133(b)
reports. In regards to her accusation regarding the CNA, there was no
violation of law to report. In regards to her conjecture about an alleged
cover-up, Vaughn did not put Sears Panhandle on notice that she was
reporting a violation of law as contemplated by Section 242.133(b).


In its motion Sears references Gonzales v. Methodist Retirement Communities, 33 S.W.3d
882 (Tex.App.--Houston [14th Dist.] 2000, pet. denied) in its discussion of the matter of law
ground. Vaughn did not except to the motion nor claim that it did not state the specific
grounds or was not sufficient to define the issues and to put her on notice with adequate
information to oppose the motion. See Inwood Forest, Etc. v. R.J.S. Development, 630
S.W.2d 751, 753 (Tex.App.--Houston [1st Dist.] 1982 , no writ). Instead, by her response
to the motion for summary judgment, Vaughn focused on the facts and summary judgment
evidence but did not respond to nor address the first ground that Vaughn's statements did
not constitute reports for purposes of section 242.133(b). Accordingly, because Vaughn
did not challenge the contention that her accusations did not constitute reports for the
purpose of section 242.133(b) nor otherwise challenge the matter of law ground in the trial
court by written motion, answer, or other response, it may not be considered as grounds
for reversal. Tex. R. App. P. 166a(c); McConnell, 858 S.W.2d at 341. 

 Moreover, the response of Sears that the judgment must be affirmed because
Vaughn does not challenge both grounds of the motion for the summary judgment on
appeal is correct. By her first issue, Vaughn set out the history and summary judgment
evidence but did not address the ground and point of Sears that her statements did not
constitute reports for purposes of section 242.133 as a matter of law. In Granada
Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 224 (Tex.App.--Amarillo 1997, pet. denied),
we held:

 [i]n order for a non-movant to obtain reversal of a summary judgment that
does not specify the grounds on which it is based, the non-movant must
show that each independent ground alleged in the motion was insufficient to
support the judgment. . . . Notwithstanding a non-movant's challenge to 
summary judgment grounds in a written response, the summary judgment
must be affirmed when the non-movant does not assign error in the court of
appeals challenging each independent ground asserted in the summary
judgment motion.


Thus, even if presented by her response in the trial court, because Vaughn does not
address the matter of law ground on appeal, the judgment must be affirmed.

 We have not overlooked Vaughn's reference to Tomhave v. Oaks Psychiatric
Hosp., 82 S.W.3d 381 (Tex.App.--Austin 2002, pet. denied). However, because the no
evidence motion there did not question whether the statement constituted a report for
purposes of section 242.133, Tomhave is not controlling. Accordingly, Vaughn's first issue
is overruled. Our disposition of Vaughn's first issue pretermits our consideration of her
second issue by which she contends that some evidence was presented to infer a causal
link between her report and her termination. 

 Accordingly, the judgment of the trial court is affirmed.

 

 Don H. Reavis

 Justice


 

 



lm's, and Prindle's hearsay statements about the
victim's allegations to them on the day of the offense. Appellant also contends his trial
attorney was ineffective in light of the alleged cumulative errors made at trial. We
disagree.

 In determining whether counsel's representation was so inadequate as to violate
a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged
test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See Hernandez v. State, 726 S.W.2d 53, 56-7 (Tex.Cr.App. 1986). There is a
strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Strickland, 466 U.S. at 690. The burden is on appellant to prove
by a preponderance of the evidence that counsel was ineffective. See McFarland v. State,
928 S.W.2d 482, 500 (Tex.Cr.App. 1996). Appellant must first prove that counsel's
performance was deficient, i.e., that his assistance fell below an objective standard of
reasonableness. Id. If appellant demonstrates deficient assistance of counsel, he must
then affirmatively prove prejudice as a result of the deficient assistance. Id. In proving
prejudice, appellant must demonstrate a reasonable probability that but for counsel's
errors, the result of the proceeding would have been different. A reasonable probability
is a probability sufficient to undermine confidence in the outcome. Hernandez, 726 S.W.2d
at 55.

 Any allegation of ineffective assistance of counsel must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Defense counsel
should ordinarily be accorded an opportunity to explain his or her actions before being
labeled as unprofessional, incompetent or ineffective. See Bone v. State, 77 S.W.3d 828,
836 (Tex.Cr.App. 2002). 

 As noted above, the hearsay testimony of Hernandez, Chisholm, and Prindle was
admissible pursuant to the excited utterance exception to the hearsay rule. Tex. R. Evid.
803(2). As a result, appellant has failed to demonstrate that his trial counsel's assistance
fell below an objective standard of reasonableness; thus, his ineffectiveness claim is
defeated. McFarland, 928 S.W.2d at 500. Furthermore, the failure to object to admissible
evidence is not ineffective assistance. Burruss v. State, 20 S.W.3d 179, 187
(Tex.App.-Texarkana 2000, pet. ref'd). Appellant's issues three, four, five, and six are
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.



 
1. Because appellant addresses the issues contemporaneously, we will do the same.
2. We conclude the evidence that establishes the victim's lack of consent is also
sufficient to demonstrate that appellant "compelled" her to consent.