**Betty Sue CHAVEZ, Appellant,**

v.

**Lisa Monique DAVILA and Juan Ortega, Appellees.**

**No. 04–03–00377–CV.**

Court of Appeals of Texas, San Antonio.

June 2, 2004.

Rehearing Overruled June 29, 2004.

---

152

Hugo Xavier De Los Santos, Attorney At Law, San Antonio, TX, for Appellant.

Mario P. Bordini, Frank R. Rivas & Associates, San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

2. On appeal, Chavez only complains of the granting of summary judgment based on limitations; therefore, she has waived her right to complain of the trial court's ruling with regard to her negligent entrustment claim against Ortega.

**OPINION**

KAREN ANGELINI, Justice.

Betty Sue Chavez appeals from the granting of a summary judgment based on the statute of limitations. Chavez brings seven issues on appeal, complaining that the trial court erred in striking two expert affidavits and in granting summary judgment in favor of Lisa Monique Davila and Juan Ortega. We affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2000, Chavez was injured in an automobile accident. Over two years later, on April 19, 2002, Chavez brought a negligence action against Davila, the driver of the other vehicle involved in the accident. She also sued Ortega for negligent entrustment. Davila and Ortega filed a motion for summary judgment based on the affirmative defense of limitations and on the lack of evidence that Ortega was liable on a negligent entrustment theory.[2] Chavez responded by asserting that the statute of limitations did not bar her claim because "[she] was incapacitated and legally disabled due to her being of unsound mind as a direct result of the motor vehicle accident that is the subject of this action."[3] In support of her argument, Chavez attached her own affidavit along with affidavits of Dr. Billy Ryan and Dr. Dana Lea Comstock. Davila and Ortega objected to these three affidavits. The trial

3. Chavez relied on section 16.001(b) of the Texas Civil Practices and Remedies Code which provides that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(b) (Vernon 2002). Section 16.001(a)(2) provides that a person who is of unsound mind is under a legal disability. *Id.* § 16.001(a)(2).

court sustained the objections and entered an order excluding Dr. Ryan's affidavit "as expert opinion evidence for the reason that Billy Ryan is unqualified to render an opinion on unsound mind." In that same order the trial court ruled that Chavez's affidavit "shall not be admitted for the purpose of giving her lay opinion about her alleged 'unsound mind' as it has not been shown that Betty Sue Chavez is qualified to render an opinion on unsound mind." The trial court also entered an order excluding Dr. Comstock's affidavit "as expert opinion evidence for the reason that Dana Lea Comstock has failed to show that she is qualified and competent to render an opinion on unsound mind."

The trial court then granted summary judgment and denied Chavez's motion for new trial.

### STANDARD OF REVIEW

The standard of review on appeal of a traditional summary judgment is whether the movant carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *see* TEX.R. CIV. P. 166(a)(c).

■ We review the trial court's decision to strike the affidavits on the grounds that the experts were not qualified to testify under an abuse of discretion standard. *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 270 (Tex.App.-Austin 2002, pet. denied); *see Broders v. Heise*, 924 S.W.2d 148, 151 (Tex.1996).

### UNSOUND MIND AND THE STATUTE OF LIMITATIONS

■ An unsound mind tolls the statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (Vernon 2002); *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex.App.-

Austin 1999, pet. denied). The tolling provision contained in section 16.001 of the Texas Civil Practice and Remedies Code is for the purpose of protecting legally disabled persons who have no access to the courts and to insure those persons' right to bring suit is not precluded by the running of limitations before the disability is removed. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex.1993). Furthermore, a person of unsound mind's disability is not only the lack of access to the courts, but also the inability to participate in, control, or understand the progression and disposition of the lawsuit. *Id.* Generally, a person of unsound mind is considered synonymous with an insane person. *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex.App.-Austin 1995, no writ).

### AFFIDAVITS

In her first two issues, Chavez urges that the trial court erred in striking Dr. Comstock's and Dr. Ryan's opinion evidence set forth in their affidavits. Specifically, Chavez complains that the trial court erroneously found the experts unqualified to render expert opinions as to whether Chavez was of unsound mind.

■ The party offering the expert's testimony has the burden of proving the witness is qualified under Texas Rule of Civil Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

TEX.R. EVID. 702. The party offering the expert testimony must "establish that the expert has 'knowledge, skill, experience, training, or education' regarding the spe-

cific issue before the court which would qualify the expert to give an opinion on that particular subject." *Broders,* 924 S.W.2d at 153 (citations omitted).

■ The affidavit of Dr. Dana Lea Comstock, Ph.D., along with her curriculum vitae and status summary indicate that she is a self-employed licensed counselor. She holds a doctorate in counseling and has professional experience as a counselor and university professor in the field of counseling. Her status summary indicates that she met with Chavez on November 18, 2002, took a history from Chavez, and concluded that Chavez has developed significant psychiatric difficulties following the accident. Nowhere does Dr. Comstock give any indication that she is qualified to give an opinion as to whether Chavez is of unsound mind.

■ Chavez argues on appeal that Dr. Comstock was qualified to render an opinion as to whether Chavez was of unsound mind by virtue of the fact that she is "learned, educated and trained in 'mental health'." She recites the various qualifications listed in Dr. Comstock's curriculum vitae, including her degrees, her licensing credentials, her university work, and her writing. She fails, however, to show how a licensed counselor, and particularly Dr. Comstock, is qualified to testify to whether an individual is of unsound mind. An expert medical opinion given by a witness who is not shown to have the requisite expertise has no probative effect. *Grace,* 4 S.W.3d at 769. Under this record, we are unable to say the trial court abused its discretion in striking Dr. Comstock's affidavit.

■ The affidavit of Dr. Billy Ryan along with his curriculum vitae indicate that he is a licensed chiropractor. He has a degree from Texas Chiropractic College in Pasadena, Texas. He recites the history he took from Chavez and states that she will continue to need chiropractic treatment for the remainder of her life. He also states that Chavez suffers from anxiety and depression consistent with a person of an unsound mind.

On appeal, Chavez argues that because Dr. Ryan has specialized education and training in impairment and disability rating, he was qualified to give an opinion concerning Chavez's injuries and disability. There is nothing, however, in Dr. Ryan's affidavit or curriculum vitae to indicate that he is qualified to give an opinion as to whether Chavez is of unsound mind. Thus, the trial court did not err in striking his affidavit.

We overrule Chavez's first and second issues on appeal.

### BURDEN OF PROOF TO SHOW UNSOUND MIND

In Chavez's remaining issues on appeal, she claims that it was Davila and Ortega's burden to prove Chavez was of unsound mind. She also argues that even if the affidavits of Dr. Comstock and Dr. Bryan are not considered as expert testimony, the summary judgment evidence taken as a whole shows Chavez was of unsound mind. And, Chavez states that by granting summary judgment, the trial court violated her constitutionally protected right to access to the courts.

■ Chavez argues that the trial court erroneously placed the burden on Chavez to prove she was of unsound mind when the burden should have been on Davila and Ortega to prove Chavez was of sound mind. Chavez relies on three cases to support her position: *Jennings v. Burgess,* 917 S.W.2d 790 (Tex.1996), *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975), and *Casu v. CBI Na–Con, Inc.,* 881 S.W.2d 32 (Tex.App.-Houston [14th Dist.] 1994, no writ.). Although these cases contain general statements that tend to support Cha-

vez's argument regarding the burden of proof, the supreme court in *Zale* pointed out the distinction it has followed in these kinds of cases:

> [We have] recognized a distinction between pleas by the non-movant which challenge the existence of limitations, such as involved here, and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to his affirmative defense.

*Zale Corp.*, 520 S.W.2d at 891 (citations omitted). This case falls into the "latter instance" category, requiring Chavez to bear the burden of raising a fact issue with respect to the issue of unsound mind.

Furthermore, more recently, several courts of appeals have held that in order to avoid summary judgment on an unsound mind theory, the non-movant must produce specific evidence to show she did not have the mental capacity to pursue litigation for a definite time period, or produce a fact-based expert opinion to that effect. *See Chavez v. Medtronic, Inc.*, No. 08–02–00332 CV, 2004 WL 309303, at *4 (Tex. App.-El Paso 2004, no pet.); *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex.App.-Austin 1999, pet. denied). Thus, in this case, Chavez had the burden to show the statute of limitations was tolled because she was of unsound mind, and she failed to meet that burden.

■■■ Chavez argues, however, that even without her expert affidavits, she nevertheless produced evidence to raise a fact issue on the issue of unsound mind. Chavez states that she produced both opinion evidence and lay statements concerning her state of mind which amounted to summary judgment evidence of unsound mind. She points to the medical records attached to Dr. Comstock's and Dr. Ryan's affidavits and her own affidavit as proof that she was of unsound mind since the day of the accident. The attachments to Dr. Comstock's and Dr. Ryan's affidavits, however, fail to raise a fact issue as to Chavez's unsound mind. Without a showing that Dr. Comstock and Dr. Ryan were competent to give an expert opinion on the subject of whether Chavez was of unsound mind, the facts upon which their opinions were based could not serve as evidence that Chavez was of unsound mind. And, as to Chavez's own affidavit, it was also correctly stricken by the trial court because she did not show she was qualified to testify. *See Grace*, 4 S.W.3d at 769.

■■■ Finally, Chavez argues she was denied her constitutionally protected right to access to the courts when the trial court granted summary judgment. For support, she cites *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993). *Ruiz*, however, concerned the issue of whether a person of unsound mind, once he has brought suit (thereby insuring access to the courts), continues to have the protection of the tolling statute during periods of time in which the suit was dismissed. According to the supreme court, the disability of a person of unsound mind is not limited to the lack of access to the courts, but also includes the inability to participate in, control, or understand the lawsuit. *Id.* at 755. Chavez, however, cites no authority to support her argument that placing the burden on the plaintiff to produce evidence of unsound mind to avoid summary judgment denies her the constitutional right of access to the court. And, we have found none. Thus, we overrule Chavez's remaining issues on appeal.

### CONCLUSION

In accordance with the above discussion, we affirm the judgment of the trial court.

ALMA L. LÓPEZ, Chief Justice, dissenting.

I disagree with the majority's reliance on *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975), to support the proposition that Chavez had the burden to prove that she was of unsound mind. In *Zale Corp.*, the court was commenting on a distinction made in *Oram v. General Am. Oil Co.*, 513 S.W.2d 533 (Tex.1974). In *Oram*, the court noted a different burden of proof would be applicable if the non-movant had interposed an estoppel to avoid the limitations defense. 513 S.W.2d at 534. The court cited two cases in support of this proposition. In one case, the court held that the non-movant was required to come forward with proof raising a fact issue regarding fraudulent concealment. *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974). In the other case, the court held that the non-movant had the burden of producing evidence to raise a fact issue regarding its promissory estoppel defense. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1973). None of these cases support the proposition that a non-movant has the burden of proving a tolling defense. In fact, the Texas Supreme Court has explained the reason the burden of proof is different in the summary judgment context.

In *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex.1988), the court noted that in a trial on the merits, the party asserting a tolling defense, like the discovery rule, has the burden of proving that defense because that party "will generally have greater access to the facts necessary to establish that it falls within the rule." *Id.* However, the court noted that this burden does not apply in summary judgment cases. *Id.* at 518 n. 2. The court explained that the movant is required to conclusively negate the tolling provision in the summary judgment con-

text because " '[t]he presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear.' " *Id.* (quoting *Missouri–Kansas–Texas Railroad Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex.1981)). Moreover, in *Woods*, the court was commenting on the burden of proof in regard to the discovery rule, which the court expressly noted is a plea in confession and avoidance. 769 S.W.2d at 518. Therefore, the majority's reliance on the statement made in *Zale Corp.* to support the proposition that Chavez had the burden of proof is, in my opinion, misplaced.

The Texas Supreme Court has repeatedly stated that the movant has the burden of conclusively negating a tolling provision's application to show his entitlement to summary judgment. *Diaz v. Westphal*, 941 S.W.2d 96, 97 (Tex.1997); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Woods*, 769 S.W.2d at 518 n. 2; *see also DeRuy v. Garza*, 995 S.W.2d 748, 751 (Tex. App.-San Antonio 1999, no pet.); *see generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.04[2] (3rd ed.2003) (noting limitations defense is not conclusively established until movant meets his burden of negating applicability of statute that tolls or suspends the running of limitations). The Texas Supreme Court has explained the reason the burden of proof is different in the summary judgment context. *Woods*, 769 S.W.2d at 518 n. 2. Because the majority applies a burden of proof that is contrary to existing Texas Supreme Court precedent, I respectfully dissent.