**O. L. LOWERY et al., Appellants,**

**v.**

**Della LOWERY et vir, Appellees.**

**No. 65.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 14, 1965.

Marion G. Holt and A. L. Lowery, Nacogdoches, for appellants.

J. T. Maroney, Jr., Lufkin, for appellees.

DUNAGAN, Chief Justice.

This is a case where two sons, O. L. Lowery and Leon Lowery, appellants herein, are seeking to have O. L. Lowery appointed guardian of their parents, Mrs. Della Lowery and Charles E. Lowery.

This case originated in the County Court of Nacogdoches County, Texas. In the application for guardianship O. L. Lowery sought to be appointed as guardian of his parents, the appellees herein, alleging therein that his mother, Mrs. Della Lowery was a person 78 years of age, a spend-thrift, and a person incapable of taking care of her own business affairs, *and a person of unsound mind.* That her husband, Charles E. Lowery, his father, was 85 years of age and because of his age and senility was incapable of taking care of his business affairs, *and was a person of unsound mind.* Appellant, Leon Lowery, became a party to this proceeding through proper proceedings instituted in said court wherein he adopted the application of O. L. Lowery. A contest to the application was filed ·by Mrs. Della Lowery and Charles E. Lowery and the case was tried before a jury in·the County Court of Nacogdoches County, Texas. The jury

found neither of the appellees to be of unsound mind and judgment was rendered denying the guardianship. Applicants then gave their timely notice of appeal to the District Court of Nacogdoches County, Texas, and appeal was duly perfected. This case was heard before a jury in the District Court of Nacogdoches County, Texas, and the jury findings in that court also being favorable to the appellees, the court rendered judgment in favor of Mrs. Della Lowery and Charles E. Lowery denying the application of petitioners for guardianship. Appellants timely filed their amended motion for a new trial which was overruled by the court, to which the appellants in open court objected, excepted, and duly perfected their appeal to this court.

The appellants have brought forward seven Points of Error, all of which are related in that they complain that counsel for the appellees during the interrogation of the jury panel and witnesses made repeated statements to the effect that the appellants were attempting to have their mother and father declared insane, which was prejudicial and harmful to the rights of appellants. Appellants make the same complaint to appellees' counsel's argument to the jury. They contend that the court committed error in allowing these statements to be made over their objections and in denying their numerous motions for mistrial by reasons of the repeated statements of appellees' counsel. It is their contention that the statements complained of were wrongful, prejudicial and were harmful to the rights of appellants.

Prior to the interrogation of the jury panel appellants filed their motion in limine requesting the court in the first paragraph thereof to instruct appellees and appellees' counsel to refrain in every way throughout the trial from alluding to or in any way commenting or making reference directly or indirectly that the plaintiffs are contending or trying to prove that the defendants are insane, crazy, lunatics or idiots, because the same is not in keeping with the allegations contained in plaintiffs' (appellants) petition and in reference thereto are highly prejudicial to the rights of these plaintiffs and would only contend to have the jury believe that they must believe that the defendants are insane, crazy, lunatics or idiots, to be of unsound mind under the laws of the State of Texas. The court overruled this portion of appellants' motion.

Appellees first contend that we should not consider any of appellants' points of error because they do not direct the attention of this court to any error of the trial court which appellants rely upon for reversal; and are insufficient to direct the court's attention to the particular reason the appellants contend the court erred; and further that they are too general, vague and uncertain.

The object of a "point" in the brief as provided for in Rule 418 is to call the court's attention to the questions raised and discussed in the brief. It is intended that the "point" shall be short or in few words. It is not necessary that a "point" be complete within itself, in the sense that it must, on its face, show that the matter complained of presents reversible error. If a "point" is sufficient to direct the court's attention to the matter complained of, the court will look to the "point" and the statement and argument thereunder to determine the question of reversible error. Simply stated, the court will pass on both the sufficiency and the merits of the "point" in the light of the statement and argument thereunder. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943); Brazos River Authority v. City of Graham, 354 S.W.2d 99 (S.Ct. of Tex., 1962).

While the points relied upon are rather general in nature, we think that in view of the liberal rules, they are sufficient to direct the attention of the court to the alleged errors relied upon.

Appellants have grouped all their points for the purpose of discussing them in their brief and presenting their contentions to this court. We likewise group them in

disposing of them. Appellants contend that the repeated statements by counsel for appellees complained of by appellants constitute reversible error.

The record reflects that the court sustained appellants' objections to the statements of appellees' counsel that they (appellants) were trying to prove their father and mother to be insane with the exception of the first four times such statement was made. The first time the appellants made objections to such statement, the court overruled the objection and instructed counsel for appellees to confine his remarks to the pleadings and so instructed appellees' counsel numerous times thereafter. However, the court consistently overruled appellants' motion for a mistrial.

■ Appellants in their application for guardianship in addition to alleging that Mrs. Lowery was a spend-thrift and a person incapable of taking care of her business affairs, that Mr. Lowery because of his age and senility was incapable of taking care of his business affairs, *it was alleged that each was of unsound mind.* "A person of unsound mind" as defined by the Texas Probate Code includes "insane persons." Paragraph (y) of Section 3 of Chapter 1 of the Texas Probate Code, V.A.T.S. entitled Definition and Use of Terms provides that " '[p]ersons of unsound mind' are persons non compos mentis, idiots, lunatics, *insane persons,* and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs."

■ "Insanity" is a sort of generic term, comprehending all kinds of mental unsoundness and derangement; Ex parte McKenzie, 116 Tex.Cr.R. 144, 28 S.W.2d 133 (1930). As a general rule the terms "a person of unsound mind" and "an insane person" are regarded as synonymous. Reiche v. Williams, 183 S.W.2d 587 (Tex. Civ.App., 1944) writ refused for want of merit; Tex.Jur.2d, Vol. 31, page 419, Section 1.

Black's Law Dictionary, Fourth Edition, defines "insane" as "unsound in mind; of unsound mind; deranged, disordered, or diseased in mind."

Vol. 31, Tex.Jur.2d, page 420, Section 2, under Forms of Insanity states that "insanity may assume as many various forms as there are shades of differences in the human character. Among the forms which the courts have had occasion to notice are religious or emotional insanity, *senile dementia,* monomania, peranoia, insane delusion, and kleptomania. * * *"

The record does not show that counsel for appellees at any time during any stage of the trial stated that appellants were trying to prove their parents were lunatics or idiots.

In response to one of appellants' objections, counsel for appellees stated to juror O. F. Christopher in the presence of other members of the jury panel, "It is their contention that Mr. and Mrs. Lowery are persons of unsound mind, that they are incapable of taking care of their own business. Therefore, they want to have a guardian appointed who is Mr. O. L. Lowery. Now, there will be a charge submitted to you, and there will be questions, and the question will be, * * * 'Do you find from a preponderance of the evidence that Della Lowery is a person of unsound mind?' Then the Court will tell you what unsound mind means, and he will instruct you to answer the question yes or no, and it is from your answer of yes or no that a judgment will be rendered in this cause of action. * * *"

Counsel for appellants in connection with their numerous objections to the statements complained of stated in the presence of the jury that as to whether the appellees are insane is not the issue in the case and that they are not trying to declare them to be insane. Moreover, the court defined "unsound mind" in his charge as follows: "You are instructed that by the term 'unsound Mind' used above is a person who is men-

tally incompetent to care for himself or manage his property and financial affairs."

Only once did appellants move the trial court to instruct the jury not to consider the objectional remarks of counsel for appellees. The court promptly instructed the jury as follows: "The Court will instruct the jury in the charge to the issue to be tried in this lawsuit, and they will be governed thereby."

 Appellees' counsel in his argument to the jury made the following statement: "The only thing that Marion said about Mrs. Della Lowery was that she was domineering. Well, I say this to you, Mr. Holt, that if we are going to declare every man in this nation of ours insane and of unsound mind because his wife is domineering, * * *." To this argument appellants' counsel made the following objection: "Your Honor, * * *. We object to this testimony, trying to declare anyone insane. That has not been the issue in this case. * * *." Whereupon counsel for appellees stated: "I withdraw it and apologize to the Court and to the jury. I meant to say of unsound mind." We do not think this argument particularly in view of appellees' counsel's withdrawal of the remark, his apology to the court and explaining that he meant to say unsound mind was reasonably calculated to, and probably did, cause the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434. Royal v. Cameron, 382 S.W.2d 335 (Tex.Civ.App., 1964) no writ hist.

There is no contention made that the evidence was not adequate to support the verdict of the jury and the judgment of the court.

Appellants have not cited any statute, rule, or other authority to support the contentions they now urge before this court.

We do not believe that these statements and remarks of counsel for appellees were of such nature as to prejudice the jury or to mislead them as to the issues or contention of appellants when considered in the light of the entire record in this case.

Viewing the entire record in the light of the authorities above cited, we do not believe that the statements of appellees' counsel complained of by appellants constitute reversible error.

Finding no reversible error, the judgment of the trial court is affirmed.